Allen vs. Rogers.

## ALLEN VS. ROGERS.

PETITION TO REINSTATE: *Requisites of.*

 This was an attempt, by a trustee, to subject land embraced in a trust deed to the cost of the trust, by reinstating a case instituted to enjoin the execution of the trust, which had been dismissed. The court, without reinstating the case, decreed in favor of the plaintiff, for the cost of the trust; Held, that the court should not have granted relief without reinstating the case, and that the petition should have shown that the suit which had been dismissed, presented such a state of case as would have entitled him to the relief sought.

APPEAL from *Crittenden* Circuit Court in Chancery.

Hon. L. L. MACK, Circuit Judge.

*Brown & Ford*, for appellants.

The proceedings, and practice were unauthorized.

If the former suits had been revived, appellee could have had no relief, without cross bill. Sto. Eq. Pl., sec's 391, 391a.

But the court could not reinstate. *Miller* v. *Hemphill*, 4 Eng., 488.

Want of proper parties.

*Adams & Dixon*, for appellee.

The answer admits all, but notice of complainants claim. Gantt's Digest, sec. 4608. The record of the trust deed was

notice of all trustees' rights under it. Purchasers took *cum onere.* Ib. 5021, 5023, 5024, 5025, and 860, 861. As also was the *lis pendens.* Sto. Eq. Ju., sec. 406 ; Per. on Trusts, sec. 223 ; *Whiting* v. *Beebe,* 12 Ark., 421 ; *Ashley* v. *Cunningham* 16 id., 175 ; *Merrick* v. *Hutt* 15 Ark., 344 ; *Lytle* v. *State,* 17 id., 609. Jurisdiction arises from the trust. Conway, *ex parte,* 4 Ark., 302. The expenses of the trust were included in it, which was notice of the charge. Story's Eq. Ju., sec. 400, and authorities cited. Perry on Trusts, sec. 223.

In America, trustees are entitled to compensation. *Barney* v. *Sanders,* 21 Curtis, Dec., 291 ; *Miller* v. *Beverly,* 4 Hen. and Mun. R., 415 ; *ex parte* Roberts, 3 I. C. R., 43 ; *Meacham* v. *Starnes,* 9 Paige, 401, 403 ; Matter of DePeyster, Sam'l, ch. R, 548 ; *Shirley* v. *Cushman,* 6 Cushman, 26 ; *Boyd* v. *Hawkins,* 2 Dev. Eq., 334 ; *Ringgold* v. *Ringgold,* 1 Harr. & Gill., 27 ; *Nichols* v. *Hodges,* 1 Peters, 565 ; Sto. Eq. Ju., sec. 1268 n. 4 ; *Biscoe* v. *State,* 23 Ark., 599 ; Perry on T., sec. 903, a, 907, 910 n. 4.

WALKER, J.:

Rogers filed a petition in chancery, in the Crittenden Circuit Court, in which he states that one Miller conveyed to him certain lands, in trust, to secure the payment of several debts due by Miller to Mrs. Armstrong, with power of sale as the several debts matured; that when the first debt matured, at the instance of Mrs. Armstrong, he gave notice to sell. Miller paid the money to Mrs. Armstrong, and no sale was made. When the second debt became due he again gave notice to sell; that Miller filed a bill and enjoined the sale ; that pending this suit Miller sold the land to Thomas H. Allen & Co., who paid the mortgage debt to Mrs. Armstrong, without paying the expenses of the trust, and, with a full knowledge that the expenses were unpaid, bound himself to discharge the land from the trust; that petitioner has

applied to Allen for payment of expenses, but he refused to pay them, with a prayer that the case of Miller against Mrs. Armstrong and Allen & Co., may be reinstated on the equity docket; that petitioner may be allowed and decreed his expenses and costs in the execution of the trusts, and that they be declared a lien upon the land and that the lands may be sold to pay the same.

The defendant, Allen, answered, and raised the question of the sufficiency of the bill, by way of demurrer.

*First*—Because the court had no jurisdiction of any such proceeding, or to grant any such relief as is prayed.

*Second*—That the complaint does not state facts enough to constitute a cause of action against defendant.

The court overruled the demurrer, and, after having heard evidence as to the value of the services, expenses and commissions, rendered a decree in favor of the plaintiff for the sum of $593.75. From which defendant appealed.

Without questioning the right of a trustee to payment out of the trust estate for his expenses and proper charges, in the execution of the same, our attention will be directed to the sufficiency of the allegations in the petition for the purpose of obtaining the relief sought.

The petition seems to have been intended to procure an order to reinstate a suit brought by Miller to enjoin the collection, by sale, of the second installment due. The prayer of the petition is, that the case of Miller against Mary B. Armstrong and Thomas H. Allen & Co., may be reinstated upon the equity docket, and that the petitioner be decreed costs of trust, etc. We find no order reinstating any such case, nor any case upon the docket, nor is there anything in the transcript before us showing that any such case existed.

The purpose and object of this petition was to have a case, which had been dismissed, reinstated upon the docket, and it was

upon the state of the pleadings in the case so reinstated, that the court was to determine whether Allen & Co., the purchasers of the land, should take it free from the payment of the costs of the execution of the trust or not. In the absence of the pleadings in that case, we are left to conjecture what they might be, from the mere fact that it was a proceeding to enjoin the sale of the land by the trustee, and it is difficult to conceive how a proceeding for that purpose could present a state of case for relief to the trustee, by authorizing the sale of the same lands which were sought to be enjoined.

The court below seems to have treated the petition to reinstate a case upon the docket, as that to be tried, whereas if there had been merits in the petition, the prayer of the petition should have been granted and the case docketed. But even for this purpose the petition was fatally defective. It should have shown that the suit, which had been dismissed (if on the docket), presented a state of case under which the petitioner would have been entitled to relief.

Let the decree of the court below be reversed and the case dismissed.